UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. MACHADO,<br><br>    Plaintiff,<br><br>    v.<br><br>CVS PHARMACY, INC.,<br><br>    Defendant. | Case No. 13-cv-04501-JCS<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>**Dkt. No. 15** |

## I. INTRODUCTION

Plaintiff John A. Machado filed a Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* alleging race and national origin discrimination by his former employer, Defendant CVS Pharmacy, Inc. Plaintiff worked for CVS in Hawaii, where he allegedly suffered from the discriminatory acts complained of in the Complaint. Defendant has filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion"), in which Defendant argues this case should be transferred to the District of Hawaii for the convenience of the parties and witnesses and in the interests of justice. The Court held a hearing on the Motion on February 14, 2014, at 9:30 a.m. For the reasons explained below, the Motion is GRANTED.[1]

## II. BACKGROUND

### A. The Complaint

Plaintiff filed this action in the U.S. District Court for the Northern District of California on September 29, 2013. Complaint ("Compl.") at 1. Plaintiff is a California resident of a mixed ethnic background but appears to be primarily Caucasian. Compl. ¶¶ 14, 16. Defendant CVS

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

hired Plaintiff as a Regional Loss Prevention Manager for certain Hawaii stores in or around September of 2012. *Id*. ¶ 14. Plaintiff reported for his first day of work with CVS in the State of Hawaii on or about October 1, 2012. *Id*.

In the Complaint, Plaintiff alleges that shortly after he began working for Defendant, he experienced continuous discrimination and harassment. *Id*. ¶ 17. Plaintiff alleges that Defendant's managing agents, supervisors, and corporate executives were aware of the racist and bigoted treatment the Hawaiian, Samoan, Japanese-American and other non-Caucasian employees directed toward "haole" employees such as Plaintiff, but purposely turned a blind eye towards the situation. *Id*. ¶ 17. "Haole" (pronounced "HOW-lee") is a derogatory term for a white-appearing person. *Id*.

Plaintiff alleges that between October of 2012 and March of 2013, Defendant's employees made multiple derogatory references to Plaintiff being "white." For example, the Store Manager at Longs Drugs Hawaii said to Plaintiff on December 21, 2012, "The yellow man and the white man will never think the same." *Id*. ¶ 19. The store's Pharmacy Manager in Hawaii said to Plaintiff, "You're Machado? You're white. Go get a tan." *Id*. On December 24, 2012, Plaintiff reported these racial comments to his immediate supervisor, Gary Laurich, and to his acting supervisor, Lisa Bryant, both of whom were living and working for CVS in California. Declaration of Plaintiff John Machado in Support of Opposition to Defendant's Motion to Change Venue ("Machado Decl.") ¶ 3; Declaration of Lisa Bryant in Support of CVS Pharmacy, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Bryant Decl.") ¶¶ 1, 2. Plaintiff also reported these comments to CVS's Human Resources business partner in Hawaii, Tim Casey. *Id*. Upon hearing Plaintiff's complaints, Gary Laurich told Plaintiff to "Quit being a pussy;" Lisa Bryant told Plaintiff "That's too bad;" and Tim Casey said, "That's just the way it is around here." Compl. ¶ 19.

With no support from his immediate supervisors, Plaintiff alleges that he contacted CVS's Director of Human Resources Sandra Reynoso, whose office was located in California. Compl. ¶ 19; *see also* Machado Decl. ¶ 4. Because Plaintiff was scheduled to be in Sacramento on company business from January 1, 2013 to January 5, 2013, Plaintiff alleges that he and Ms. Reynoso set up

1   a time to meet and to discuss the racial harassment he was getting at the hands of his Hawaiian

2   counterparts. *Id*. Plaintiff alleges that Ms. Reynoso acknowledged that the Store Manager and the

3   store's Pharmacy Manager were out of line and that they should be counseled with documentation

4   at minimum. *Id*. According to Plaintiff, Ms. Reynoso also acknowledged that the three CVS

5   executives to whom Plaintiff reported these events failed to handle Plaintiff's complaints

6   correctly. *Id*. Ms. Reynoso allegedly told Plaintiff that his situation would be dealt with, but this

7   never happened. *Id*.

8        Ms. Reynoso denies ever having spoken with Plaintiff while in California about the alleged

9   discrimination or any other matter. In her declaration, Ms. Reynoso writes:

> During his employment as RLPM, I spoke to Plaintiff many times
> about his employment. On one occasion, we spoke in-person while
> I was on a business trip in Hawaii. All of our other conversations
> took place over the phone. I do not recall ever meeting with
> Plaintiff to discuss allegations of harassment in-person in California.

13  Declaration of Sandra Reynoso in Support of CVS Pharmacy, Inc.'s Motion to Transfer Venue

14  Pursuant to 28 U.S.C. § 1404(a) ("Reynoso Decl.") ¶ 3.

15       Plaintiff alleges that the discrimination and harassment towards Plaintiff did not stop after

16  Plaintiff's meeting with Ms. Reynoso. On the night of Plaintiff's meeting with Ms. Reynoso,

17  Plaintiff's immediate supervisor, Gary Laurich, looked at Plaintiff and loudly proclaimed, "I don't

18  give a fuck what you say to HR." *Id*. One of Plaintiff's supervisors, Lisa Bryant, called Plaintiff

19  the following week in Hawaii and told Plaintiff that he had not informed her of how serious the

20  situation was. *Id*. Ms. Bryant became agitated when Plaintiff responded that he had indeed told

21  her of the seriousness of the situation. *Id*. At the end of January of 2013, CVS's Hawaii District

22  Manager personally apologized to Plaintiff for the conduct of the native islander employees

23  working under his control. *Id*. Plaintiff also received an apology from the Store Manager, but not

24  from the store's Pharmacy Manager. *Id*. In February of 2013, the Kaneohe CVS Store Manager

25  approached Plaintiff while he was performing an audit at the store. *Id*. This manager told

26  Plaintiff, "I don't care how you score this store on your audit. We don't like your kind over here."

27  *Id*. Later in that same month, CVS's District Manager at the Kapolei store told Plaintiff that he

28  was "too white and that (Plaintiff) should go get a tan." *Id*.

On or about March 1, 2013, Plaintiff called Ms. Reynoso and told her that the racial harassment and discrimination had not stopped and that he doubted that Defendant had ever properly documented the repeated violations of which he had complained, or disciplined the violators. *Id*. ¶ 20. All Ms. Reynoso offered to Plaintiff was a statement that she was "sorry (Plaintiff) felt that way." *Id*. Ms. Reynoso also told Plaintiff that she would have to follow up to see if Defendant had ever properly documented Plaintiff's complaints of racial and national origin discrimination. *Id*.

On or about March 4, 2013, Plaintiff spoke with Ms. Bryant when Ms. Bryant was in Hawaii and informed her that he was leaving his employment due to the continuous discrimination and harassment he was getting. *Id*. ¶ 22. Ms. Bryant relieved Plaintiff of his duties as of that moment. *Id*.

Plaintiff brings two causes of action, asserting violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* to be free from race discrimination and national origin discrimination in his workplace. *Id*. ¶¶ 27, 32.

### B. Motion to Transfer Venue

On December 26, 2013, Defendant filed a Motion to Transfer Venue to the District of Hawaii. Memorandum of Points and Authorities in Support of Defendant's Motion to Transfer Venue ("Def.'s Motion") at 1. Defendant contends the Motion should be granted because this case arises out of events that allegedly occurred in Hawaii and all of the non-party witnesses identified in Plaintiff's Complaint are located in Hawaii. Def.'s Motion at 5. Defendant states that the most important witnesses in this case are the individuals who worked in CVS's Hawaii stores between October 2012 and March 2013. For instance, Tim Casey located in Hawaii is the Human Resources Business Partner ("HRBP") responsible for investigating complaints made by CVS/Longs Drugs employees in Hawaii. Declaration of Tim Casey in Support of CVS Pharmacy, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Casey Decl.") ¶ 3. Mr. Casey also provides advice and recommendations on disciplinary actions for store employees in Hawaii. *Id*. In addition, Defendant offers evidence that at least one of the non-party witnesses, the pharmacy manager who worked at Longs Drugs Hawaii in February of 2013, no longer works for

4

Defendant. Declaration of Harold Morse in Support of CVS Pharmacy, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Morse Decl.") ¶ 5. Defendant argues that requiring non-party witnesses to travel to California would place a significant burden on them, and may frustrate the litigation because the witnesses will likely be outside the bounds of California's subpoena power.

Plaintiff opposes the Motion and states three reasons why it should be denied. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Change Venue ("Opp."). First, Plaintiff references the interactions he had with CVS's California-based management, including Ms. Reynoso, Ms. Laurich and Mr. Bryant. *Id*. at 4. Second, Plaintiff states that he lacks the resources to travel to Hawaii for meetings, depositions, hearings, mediations and trial. Third, Plaintiff states that he may lose his chosen counsel if the case is transferred to Hawaii. Opp. at 4. In support of this third point, Plaintiff's attorney submitted a declaration stating that he is a solo practitioner and took this case on a contingency fee basis. Declaration of Plaintiff's Counsel in Support of Opposition to Defendants' Motion to Change Venue ("Watts Decl.") ¶ 4. Plaintiff's counsel writes that he does not have the financial resources necessary to make multiple trips to Hawaii while litigating this case. *Id*. ¶ 5.

## III.   DISCUSSION

### A.   Legal Standard

A case may be transferred "[f]or the convenience of parties and witnesses, in the interests of justice," to "any other district or division where it might have been brought[.]" 28 U.S.C. §1404(a). There are two prongs to this analysis. First, the transferee district must be a district where the case could have originally been filed, meaning the court has jurisdiction and venue is proper. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711 (MHP), 2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003). The moving party bears the burden to prove this first step. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). If the first prong is satisfied, the court decides in its discretion whether to grant or deny a motion to transfer, balancing "the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interests of justice."

*Wireless Consumers*, 2003 WL 22387598, at *1; 28 U.S.C. § 1404(a). The factors a court may consider include:

> (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity with of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, 2000 WL 246599 at *2 (N.D. Cal., March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). The moving party bears the burden of showing that the balance of conveniences weighs heavily in favor of transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *Munoz v. UPS Ground Freight, Inc.*, No. 07-0970 (MJJ), 2007 WL 1795696 at *2 (N.D. Cal. 2007).

### B.   Analysis

Pursuant to 28 U.S.C. § 1404(a), a case may only be transferred to a venue where the case could have been brought. Plaintiff does not dispute that this case could have been filed in the District of Hawaii. Venue is proper in the District of Hawaii because Defendant operates business in the District of Hawaii and a substantial part of the events giving rise to the claim occurred is situated in the District of Hawaii. *See* 28 U.S.C. § 1391(b)(2). Defendant is subject to personal jurisdiction in the District of Hawaii because Defendant regularly and continuously conducts business in the District of Hawaii. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).

Having determined this action could have been brought in the District of Hawaii, the Court now considers the factors listed above to decide whether the case should be transferred. *See* 28 U.S.C. § 1404(a).

#### 1.   Plaintiff's Choice of Forum

The general rule is that a plaintiff's choice of forum is afforded substantial weight. *Cedillo v. Transcor Am., LLC*, No. 13-1580 (SI), 2013 WL 4565826 at *3 (N.D. Cal. 2013). Plaintiff chose to bring suit in the Northern District of California. *See* Compl. Defendant bears the burden

to overcome the strong presumption in favor of Plaintiff's choice of forum. *Munoz v. UPS Ground Freight, Inc.*, No. 07-0970 (MJJ), 2007 WL 1795696 at *2 (N.D. Cal. 2007).

### 2. Convenience of the Parties

Both Plaintiff and Defendant will be inconvenienced if they cannot litigate in their desired forum. The Court recognizes that requiring Defendant's employees at the Hawaii stores to travel to California would increase Defendant's costs of litigating this case. Nevertheless, requiring Plaintiff to travel from California to Hawaii is also inconvenient. Transfer would raise the costs of litigation for Plaintiff and Plaintiff may lose his lawyer as a result. *See* Watts Decl. ¶ 5. This factor is neutral.

### 3. Convenience of the Witnesses

The convenience of non-party witnesses is often the most important factor in a transfer analysis. *Burke v. USF Reddaway, Inc.*, No. 12-2641, 2013 WL 85428 at *4 (E.D. Cal. 2013). In balancing the convenience of the witnesses, courts must consider not only the number of witnesses, but also the nature and quality of their testimony. *Cedillo v. Transcor Am., LLC*, No. 13-1580 (SI), 2013 WL 4565826 at *3 (N.D. Cal. 2013). Courts look to who the witnesses are, where they are located, what their testimony will be, and why such testimony is relevant. *Florens Container v. Cho Yang Ship.*, No. 01-2226 (MJJ), 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002) (citing *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384, 389 (9th Cir.1974)). Further, courts give more weight to the convenience of non-party witnesses because non-party witnesses may not be subject to the court's subpoena power. *Cedillo v. Transcor Am., LLC*, No. 13-1580 (SI), 2013 WL 4565826 at *3-4 (N.D. Cal. 2013) (holding, *inter alia*, that former employees are non-party witnesses and their convenience is given much greater weight).

The vast majority of witnesses in this case are located in Hawaii, where really all of the events in this case occurred. Plaintiff argues that because Plaintiff had frequent, highly probative and relevant interactions with Defendant's California-based management personnel, the convenience of the witnesses weigh in favor of Plaintiff. Opp. at 4. Nevertheless, the individual tasked with investigating complaints of harassment and discrimination in Defendant's Hawaii stores, Tim Casey, is located in Hawaii. Casey Decl. ¶ 3. In fact, all party witnesses, except Mr.

7

Laurich and Ms. Bryant, are located in Hawaii. Machado Decl. ¶ 3. Requiring all but Plaintiff and party witnesses to travel from Hawaii to California will cause significant inconvenience. In addition, at least one of the non-party witnesses in Hawaii no longer works for Defendant. Morse Decl. ¶ 5. This factor substantially favors Defendant.

### 4. Ease of Access to the Evidence

Given that this case arises out of events that allegedly occurred in Hawaii, a significant amount of evidence is located in Hawaii. *See generally*, Compl. Plaintiff alleges certain CVS employees at CVS's Hawaii stores created an "atmosphere rife with open racism and bigotry"; therefore, the percipient witnesses and potentially relevant evidence is likely to be in multiple CVS stores in Hawaii, but not in California. Compl. ¶ 17. This factor substantially favors Defendant.

### 5. Familiarity of Each Forum with the Applicable Law

Defendant argues that the Hawaiian district court is better equipped to handle the issues in this case because it is far more likely to have dealt with the particular type of discrimination at issue in this case than a court in Northern California. Plaintiff brings two causes of action asserting a violation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* to be free from race discrimination and national origin discrimination in his work place. Compl. ¶¶ 27, 32. Only federal law is at issue. This factor is neutral.

### 6. Any Local Interest in the Controversy

Defendant contends that Hawaiians are far more likely to have an interest in the outcome than Northern Californians and that "California residents would not be affected at all." Def.'s Motion at 8. The Court acknowledges California's "interest in adjudicating claims raised by its citizens." *Mateer v. Interocean American Shipping Corp.*, No. 06-1642 (WHA), 2006 WL 997248 at *1 (N.D. Cal. 2006). Nevertheless, Hawaiians have a greater local interest because most of the alleged discriminatory events occurred in Hawaii. In addition, the outcome of this case may have implications for employers and employees in Hawaii. Accordingly, this factor weighs slightly in favor of Defendant.

Among the six aforementioned factors, only one factor favors Plaintiff: Plaintiff's choice

of forum.  After careful consideration, the Court finds that Defendant has made an adequate showing that transfer is warranted for the convenience of the parties and witnesses and/or in the interests of justice to overcome the strong presumption in favor of Plaintiff's choice of forum.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Transfer Venue is GRANTED.  This matter is transferred to the District of Hawaii.

**IT IS SO ORDERED**.

Dated: February 18, 2014

                                                                                  _____
                                                                                  JOSEPH C. SPERO
                                                                                  United States Magistrate Judge